IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLYDE JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-122 |
| | ) | |
| WARDEN BRIAN ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 23, 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and moved to proceed *in forma pauperis* ("IFP"). The case was assigned Civil Action Number 120-087, and that petition challenges convictions for child molestation entered on August 30, 2017, in the Superior Court of Richmond County. Jordan v. Adams, CV 120-087, doc. no. 1 (S.D. Ga. June 23, 2020)  The Court directed Respondent to file a response, and on September 1, Respondent moved to dismiss the petition for lack of exhaustion based on Petitioner's failure to file a state habeas corpus petition. See id., doc. nos. 6, 11.  Also on September 1, 2020, Petitioner submitted a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again challenging his August 2017 child molestation convictions, but without another IFP motion.  The case was assigned Civil Action Number 120-122, and the Clerk of Court issued a deficiency notice directing Petitioner to pay the $5.00 filing fee or submit an IFP motion. Jordan v. Adams, CV 120-122, doc. nos. 1, 3 (S.D. Ga. Sept. 1, 2020).

Upon review of the two petitions, it appears Petitioner is attempting to raise ineffective assistance of counsel and sufficiency of the evidence arguments regarding his 2017 convictions in both cases.  However, Petitioner repeatedly refers to his pending *federal* habeas corpus petitions as *state* habeas corpus petitions.  See, e.g., CV 120-122, doc. no. 1, p. 13.  In fact, Petitioner originally commenced CV 120-087 by submitting his claims on a state habeas corpus form, but when asked to clarify whether he sought state or federal habeas corpus relief, Petitioner submitted a federal habeas corpus petition. CV 120-087, doc. nos. 1, 4.  Respondent moved to dismiss the petition in CV 120-087 on exhaustion grounds, arguing Petitioner never filed a state habeas corpus petition.  Id., doc. no. 11.  Thus, it appears Petitioner may be confused as to the forum in which he intends to proceed.

The Court cautions Petitioner if he intended to file a *state* habeas corpus petition, he must submit a *state* habeas corpus petition to the appropriate *state* court.  To the extent Petitioner is concerned about his one-year federal habeas corpus statute of limitation, (see doc. no. 1, p. 13), pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitation does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court.  See Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  However, neither the petition filed in CV 120-087 nor in CV 120-122 is a properly filed application for collateral relief from a *state* court because Petitioner filed them in *federal* court.  If Petitioner intends to toll his federal statute of limitations by filing for state post-conviction or collateral relief, he must file such a request for relief in *state* court.  See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (explaining federal habeas petition dismissed without prejudice for failure to exhaust state remedies does not toll the federal statute of limitation for habeas relief).

As Petitioner already has a pending federal habeas corpus petition challenging the same convictions as those attacked in the instant petition, the Court **REPORTS** and **RECOMMENDS** the instant petition be **DISMISSED WITHOUT PREJUDICE**, and this case be **CLOSED**.  Petitioner should present any arguments in opposition to the motion to dismiss or in further support of his challenge to his 2017 child molestation convictions in CV 120-087.

SO REPORTED and RECOMMENDED this 2nd day of September, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA